UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

SAMUEL LEONARD,

                Plaintiff,

   v.                                      9:18-CV-278
                                                      (LEK/DJS)

DR. F. NESMITH,

                Defendant.

---

**APPEARANCES:**                              **OF COUNSEL:**

SAMUEL LEONARD
Plaintiff, *Pro Se*
09-B-3248
Great Meadow Correctional Facility
Box 51
Comstock, New York 12821

HON. LETITIA JAMES                     JOSHUA E. McMAHON, ESQ.
Attorney General of the State of New York   Assistant Attorney General
Attorney for Defendants
The Capitol
Albany, New York 12224

**DANIEL J. STEWART**
**United States Magistrate Judge**

## REPORT-RECOMMENDATION and ORDER

     Plaintiff, an inmate in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS"), brings this *pro se* action pursuant to 42 U.S.C. § 1983, alleging the violation of his constitutional rights. Dkt. No. 8, Am.

Compl.  Presently pending is Defendant's Motion for Summary Judgment seeking dismissal of Plaintiff's claims.  Dkt. No. 32.  Plaintiff's response to this Motion was originally due on March 16, 2020.  Dkt. No. 33.  That deadline was subsequently extended to April 30, 2020.  Dkt. No. 35.  To date, Plaintiff has not responded to the Motion.  For the reasons which follow, the Court recommends that the Motion for Summary Judgment be granted.

## I. BACKGROUND

Defendant is employed as a Physician Assistant at Great Meadow Correctional Facility.  Dkt. No. 32-2, Nesmith Decl. at ¶ 1.  Plaintiff is an inmate housed at Great Meadow.  Am. Compl. at p. 1.  The Amended Complaint alleges that Plaintiff presented to Defendant at the Great Meadow medical facility with a painful lump near his sternum.  Am. Compl. at p. 1.  Plaintiff further alleges that Defendant refused to provide treatment to him and would not refer Plaintiff to a specialist "because of the nature of my crime."  *Id.*

Defendant offers evidence that he examined Plaintiff on July 26, 2017.  Nesmith Decl. at ¶ 9; Dkt. No. 32-5, Pl.'s Med. Rec. at p. 10.  That examination revealed a normal sternum and no evidence of a lump.  *Id.*  Defendant denies ever telling Plaintiff he would refer him to a specialist and states that given the absence of a lump there would have been no need to do so.  Nesmith Decl. at ¶ 10.  Defendant saw Plaintiff again on August 3, 2017 and Plaintiff made no complaint of a lump.  *Id.* at ¶ 11.

2

## II. LEGAL STANDARD FOR SUMMARY JUDGMENT

Pursuant to FED. R. CIV. P. 56(a), summary judgment is appropriate only where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party bears the burden to demonstrate through "pleadings, depositions, answers to interrogatories, and admissions on file, together with [ ] affidavits, if any," that there is no genuine issue of material fact. *F.D.I.C. v. Giammettei*, 34 F.3d 51, 54 (2d Cir. 1994) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)).

To defeat a motion for summary judgment, the non-movant must set out specific facts showing that there is a genuine issue for trial and cannot rest merely on allegations or denials of the facts submitted by the movant. FED. R. CIV. P. 56(c); *see also Scott v. Coughlin*, 344 F.3d 282, 287 (2d Cir. 2003) ("Conclusory allegations or denials are ordinarily not sufficient to defeat a motion for summary judgment when the moving party has set out a documentary case."); *Rexnord Holdings, Inc. v. Bidermann*, 21 F.3d 522, 525-26 (2d Cir. 1994). To that end, sworn statements are "more than mere conclusory allegations subject to disregard . . . they are specific and detailed allegations of fact, made under penalty of perjury, and should be treated as evidence in deciding a summary judgment motion" and the credibility of such statements is better left to a trier of fact. *Scott v. Coughlin,* 344 F.3d at 289 (citing *Flaherty v. Coughlin*, 713 F.2d 10, 13 (2d Cir. 1983) and *Colon v. Coughlin*, 58 F.3d 865, 872 (2d Cir. 1995)).

When considering a motion for summary judgment, the court must resolve all ambiguities and draw all reasonable inferences in favor of the non-movant. *Nora Beverages, Inc. v. Perrier Grp. of Am., Inc.*, 164 F.3d 736, 742 (2d Cir. 1998). "[T]he trial court's task at the summary judgment motion stage of the litigation is carefully limited to discerning whether there are any genuine issues of material fact to be tried, not to deciding them. Its duty, in short, is confined at this point to issue-finding; it does not extend to issue-resolution." *Gallo v. Prudential Residential Servs., Ltd. P'ship*, 22 F.3d 1219, 1224 (2d Cir. 1994). Furthermore, where a party is proceeding *pro se*, the court must "read [his or her] supporting papers liberally, and . . . interpret them to raise the strongest arguments that they suggest." *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994); *see also Soto v. Walker*, 44 F.3d 169, 173 (2d Cir. 1995). Nonetheless, summary judgment is appropriate "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

In this case Plaintiff failed to respond to Defendant's Motion. This failure "does not, of course, mean that the motion is to be granted automatically." *Champion v. Artuz*, 76 F.3d 483, 486 (2d Cir. 1996). "Rather, a court must (1) determine what material facts, if any, are disputed in the record presented on the defendants' motion, and (2) assure itself that, based on the undisputed material facts in the record, the law indeed warrants

judgment for the defendant[ ]." *Ogalo v. NYS Thruway Auth.*, 972 F. Supp.2d 301, 305 (N.D.N.Y. 2013) (internal quotations and citations omitted).

Defendant's Motion includes a statement of material facts that he asserts are not in dispute. Dkt. No. 32-7. Plaintiff has not responded to this statement. Pursuant to this District's Local Rules, "[t]he Court shall deem admitted any properly supported facts set forth in the Statement of Material Facts that the opposing party does not specifically controvert." N.D.N.Y.L.R. 7.1(a)(3). The Court therefore will deem the facts as set forth in Defendant's Statement of Material Facts admitted, to the extent they are properly supported and not inconsistent with other record evidence offered by Defendant in support of his Motion.

### III. DISCUSSION

As noted above, Plaintiff claims that Defendant failed to properly treat a lump near his sternum. Am. Compl. at pp. 1-2. To state an Eighth Amendment claim for denial of adequate medical care, a prisoner must demonstrate that prison officials acted with "deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). "[T]he plaintiff must allege conduct that is 'repugnant to the conscience of mankind' or 'incompatible with the evolving standards of decency that mark the progress of a maturing society.'" *Ross v. Kelly*, 784 F. Supp. 35, 44 (W.D.N.Y. 1992) (quoting *Estelle v. Gamble*, 429 U.S. at 102, 105-06). To state a claim for denial of medical care, a prisoner must demonstrate (1) a serious medical condition and (2)

5

deliberate indifference. *Farmer v. Brennan*, 511 U.S. 825, 834-35 (1994); *Hathaway v. Coughlin* ("*Hathaway I*"), 37 F.3d 63, 66 (2d Cir. 1994).

*a. Serious Medical Need*

The first prong is an objective standard and considers whether the medical condition is "sufficiently serious." *Farmer v. Brennan*, 511 U.S. at 834 (quoting *Wilson v. Seiter*, 501 U.S. 294, 297 (1991)). The Second Circuit has stated that a medical need is serious if it presents "a condition of urgency that may result in degeneration or extreme pain." *Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998) (internal quotation marks and citation omitted). Among the relevant factors to consider are "[t]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain." *Id.* (quoting *McGuckin v. Smith*, 974 F.2d 1050, 1059-60 (9th Cir. 1992)).

Several factors support a finding that Plaintiff did not suffer from a serious medical need. First, there is the now uncontradicted medical evidence that upon examination Plaintiff's sternum was found to be normal, with no lump present. Nesmith Decl. at ¶¶ 9-10. Second, Plaintiff testified at his deposition that the alleged lump had not rendered him unable to do any normal daily activities and that he was able to go about his day normally. Dkt. No. 32-4, Pl.'s Dep. at p. 57. The only impediment allegedly suffered by Plaintiff was that the lump made lifting weights more difficult.

6

Am. Compl. at p. 1. Here nothing about that difficulty establishes "a condition of urgency that may result in degeneration or extreme pain." *Chance v. Armstrong*, 143 F.3d at 702. Indeed, apart from Plaintiff's conclusory allegations "there is nothing in the record to support a finding that Plaintiff suffered from a serious medical need." *Liggins v. Griffo*, 2008 WL 11476023, at *7 (N.D.N.Y. Sept. 24, 2008).

### b. Deliberate Indifference

The second prong of the Eighth Amendment analysis is a subjective standard requiring a plaintiff to demonstrate that the defendant acted with the requisite culpable mental state similar to that of criminal recklessness. *Wilson v. Seiter*, 501 U.S. at 301-03; *Hathaway I*, 37 F.3d at 66. A plaintiff must demonstrate that the defendant acted with reckless disregard to a known substantial risk of harm. *Farmer v. Brennan*, 511 U.S. at 836. In order to rise to the level of deliberate indifference, the defendant must have known of and disregarded an excessive risk to the inmate's health or safety. *Wright v. Genovese*, 694 F. Supp. 2d 137, 154 (N.D.N.Y. 2010) (citing *Chance v. Armstrong*, 143 F.3d at 702). The defendant must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he or she must draw that inference. *Chance v. Armstrong*, 143 F.3d at 702 (quoting *Farmer v. Brennan*, 511 U.S. at 837).

Defendant offers proof that he examined Plaintiff on July 26, 2017 in light of the complaint regarding a lump and no lump was seen. Nesmith Decl. at ¶¶ 9-10 & Pl.'s

7

Med. Rec. at p. 10. There is also evidence that Defendant saw Plaintiff on August 3, 2017, but that Plaintiff did not complain of a lump on that occasion. Nesmith Decl. at ¶ 11. Plaintiff admits to being seen by Defendant. Pl.'s Dep. at p. 62. "Prison officials act with deliberate indifference when they know of and disregard an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and . . . must also draw the inference." *Harris v. Morton*, 2008 WL 596891, at *4 (N.D.N.Y. Feb. 29, 2008) (internal quotations and citations omitted). Here, given the results of his examination of Plaintiff, Defendant was not aware of facts suggesting a risk of harm to Plaintiff. There is no Eighth Amendment deliberate indifference claim when the inmate is examined by medical staff and found to have no condition needing treatment. *Powell v. Cusimano*, 326 F. Supp. 2d 322, 339 (D. Conn. 2004).

"To establish an unconstitutional denial of medical care that rises to the level of an Eighth Amendment violation, a prisoner must prove, beyond mere conclusory allegations, that the defendant acted with 'deliberate indifference to [his] serious medical needs.'" *Sloane v. Borawski*, 64 F. Supp. 3d 473, 492 (W.D.N.Y. 2014) (quoting *Estelle v. Gamble*, 429 U.S. at 104); *see also Morales v. Fischer*, 46 F. Supp. 3d 239, 250 (W.D.N.Y. 2014) ("Plaintiff's conclusory statements of deliberate indifference to his serious medical needs do not create a genuine issue of material fact to survive summary judgment."). Plaintiff has not met that burden here.

While Plaintiff clearly did not agree with Defendant's treatment, Pl.'s Dep. at p. 63, "[a] mere disagreement with a prescribed course of treatment is not sufficient to establish a violation of the Eighth or Fourteenth Amendment." *Revels v. Corr. Med. Care, Inc.*, 2018 WL 1578157, at *4 (citing *Moolenaar v. Champagne*, 2006 WL 2795339, *6 (N.D.N.Y. Sept. 26, 2006); *see also Lombardo v. Freebern*, 2018 WL 1627274, at *19 (S.D.N.Y. Mar. 30, 2018) (same).

Similarly, insofar as the Amended Complaint asserts a claim based on Defendant's alleged failure to refer Plaintiff to a specialist, summary judgment is appropriate for Defendant because "it is well established that 'disagreements over . . . the need for specialists or the timing of their intervention, are not adequate grounds for a Section 1983 claim.'" *Robinson v. Taylor*, 2019 WL 1429529, at *5 (N.D.N.Y. Mar. 29, 2019) (quoting *Sonds v. St. Barnabas Hosp. Corr. Health Servs.*, 151 F. Supp. 2d 303, 312 (S.D.N.Y. 2001)) (citing cases); *see also Sereika v. Patel*, 411 F. Supp. 2d 397, 407 (S.D.N.Y. 2006) ("allegations that [plaintiff] . . . was not referred to a specialist . . . do not state a claim for deliberate indifference").

For all these reasons, the Court recommends that the Motion for Summary Judgment be granted.

## IV.  CONCLUSION

For the reasons stated herein, it is hereby

**RECOMMENDED**, that Defendant's Motion for Summary Judgment (Dkt. No. 32) be **GRANTED** and the Amended Complaint be **DISMISSED**; and it is

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW**.  *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Date:  June 16, 2020
       Albany, New York

Daniel J. Stewart
U.S. Magistrate Judge