UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

SAMUEL LEONARD,

      Plaintiff,

 -against-              9:18-CV-0278 (LEK/DJS)

DR. F. NESMITH,

      Defendant.

**DECISION AND ORDER**

## I. INTRODUCTION

This is a civil rights suit brought by pro se plaintiff Samuel Leonard under 42 U.S.C. § 1983. Dkt. No. 8 ("Amended Complaint"). Plaintiff is incarcerated at Great Meadow Correctional Facility ("Great Meadow"), id. at 1, where defendant Fisher Nesmith works as a physician's assistant, Dkt. No. 32-2 (Nesmith Declaration) ¶ 1. Plaintiff alleges that he went to see Defendant at the Great Meadow medical facility with a painful lump near his sternum, but that Defendant refused to provide treatment to him and would not refer Plaintiff to a specialist. Am. Compl. at 1. Based on these events, Plaintiff asserts an Eighth Amendment deliberate medical indifference claim. Dkt. No. 9 ("July 2018 Order").

In January 2020, Defendant filed a motion for summary judgment seeking dismissal of Plaintiff's claims. Dkt. No. 32 ("Summary Judgment Motion"). Plaintiff failed to file a response to the Summary Judgment Motion, either by the original deadline of March 16, 2020, or by the extended deadline of April 30, 2020. Docket.

Now before the Court is a Report-Recommendation filed by the Honorable Daniel J. Stewart, United States Magistrate Judge, recommending that the Court grant Defendant's Summary Judgment Motion and dismiss the Amended Complaint. Dkt. No. 36 ("Report-

Recommendation"). For the reasons that follow, the Court adopts the Report-Recommendation in its entirety.

## II. STANDARD OF REVIEW

Within fourteen days after a party has been served with a copy of a magistrate judge's report-recommendation, the party "may serve and file specific, written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b); L.R. 72.1(c). If objections are timely filed, a court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b). However, if no objections are made, or if an objection is general, conclusory, perfunctory, or a mere reiteration of an argument made to the magistrate judge, a district court need review that aspect of a report-recommendation only for clear error. Barnes v. Prack, No. 11-CV-857, 2013 WL 1121353, at *1 (N.D.N.Y. Mar. 18, 2013); Farid v. Bouey, 554 F. Supp. 2d 301, 306–07 (N.D.N.Y. 2008), abrogated on other grounds by Widomski v. State Univ. of N.Y. at Orange, 748 F.3d 471 (2d Cir. 2014); see also Machicote v. Ercole, No. 06-CV-13320, 2011 WL 3809920, at *2 (S.D.N.Y. Aug. 25, 2011) ("[E]ven a pro se party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal . . . ."). "A [district] judge . . . may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." § 636(b).

## III. DISCUSSION

Plaintiff did not file objections to the Report-Recommendation. See Docket. Consequently, the Court reviews the Report-Recommendation for clear error and finds none. Therefore, the Court adopts the Report-Recommendation in its entirety.

## IV. CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that the Report-Recommendation (Dkt. No. 36) is **APPROVED and ADOPTED** in its entirety; and it is further

**ORDERED**, that Defendant's Summary Judgment Motion (Dkt. No. 32) is **GRANTED** in its entirety; and it is further

**ORDERED**, that Plaintiff's Amended Complaint (Dkt. No 8) is **DISMISSED**; and it is further

**ORDERED**, that the Clerk close this action; and it is further

**ORDERED**, that the Clerk serve a copy of this Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:   July 10, 2020
         Albany, New York

_Lawrence E. Kahn_
Lawrence E. Kahn
Senior U.S. District Judge